CHARLES F. STROHM, RESPONDENT, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, APPELLANT.

*Damages in an action by a father for injuries to his child — when the verdict will not be set aside as excessive.*

In an action by a father to recover the damages occasioned by the negligent injury of his child by the defendant, it appeared that the child was a bright boy about fourteen years of age; that at the time of the accident he was going to school and learning easily and well; after the accident he became stupid and nervous, and at times delirious; that he required careful nursing and medical attendance, and his symptoms indicated that his disease was epilepsy and that it was likely to be of long continuance, with the chances against his final recovery.

*Held,* that a verdict of $5,000 would not be set aside as excessive.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought by the plaintiff to recover for the past and prospective loss of services of his son, who had been injured by the defendant's negligence, and for the expenses of medical attendance and nursing occasioned thereby.

*Tracy & De Witt,* for the appellant.

*Carpenter & Roderick,* for the respondent.

BARNARD, P. J.:

The reasons urged against a recovery for the accidental injuries suffered by the plaintiff's minor son have been passed upon in the action brought by the boy himself. We held in that action that the evidence was sufficient to uphold the finding of the jury that the injuries were occasioned by the sole negligence of the defendant. There remains only the question of the excessiveness of the damages given by the jury to the father for the loss of services of the child during his minority. The jury gave $5,000. It appears that the lad was about fourteen years old; was a bright child, going to school and learning easily and well before the accident. After it

he became stupid, was rendered nervous and sick, and at times delirious. He has required careful nursing and medical attendance; his symptoms indicate epilepsy, and a very long continuance of his disease with the chances against his final recovery. The expense incurred have already been five or six hundred dollars. The prospect of the continuance of large medical and other expense is established by the evidence. The question of the damages in such a case is one of peculiar difficulty. The action is only for compensation, but it includes prospective damages as well as those suffered up to the trial. This gives a large discretion to the jury which really can rest upon no definite proof. The boy may die early. He might have been of no use to the father if he had been unhurt. Who can tell? The question of necessity goes to the jury for determination. If the verdict is not so large as to raise an inference of partiality, prejudice, passion or corruption in the jury, it binds appellate courts. No specific value of a boy's life is capable of proof beyond the facts given in this case. His possibilities were boundless. They were destroyed. In actions for negligently killing children verdicts of this amount have been upheld to the extent of this verdict. By statute in such cases it is only the pecuniary value of the child's life which is received. When the expenses incurred are so large, and when the promise of future expenses so great, their verdict is not unreasonable.

Judgment should be affirmed, with costs.

PRATT, J., concurred.

Present — BARNARD, P. J.; DYKMAN and PRATT, JJ.

Judgment and order denying new trial affirmed, with costs.